Opinion op the Couet.
..THIS is a controversy for land, under adverse claims, The plaintiffs in error, who were complainants in the court below, assert title under the following entry:
“February 7th, 1784 — Philip Philips enters 630 acres on the- south side of Rough creek, including the first large bend thereof below tlie third falls, beginning at a beech in the lower line of Edmund Lyne’s 200 acre survey^standing at the mouth of Pleasant run; running thence S. 45 W. 100 poles, S, 45 E. 70 poles, S. 320 poles, N. 52 W. 255 poles, to the bank of Rough creek; thence up the same, with the meanders thereof, to the beginning.”
The defendant, in his answer, controverts the validity of this entry, and does not admit the complainants’ derivation of title under it; sets forth the entry under which he claims, of elder date, and insists upon its validity, and relies upon an adverse possession of more than seven years.
The court below dismissed the bill, and the complainants have brought the case to this court by writ of error.
1. The entry in the name of Philips, under which the complainants claim, is, no doubt, a valid one. The objects of its calls are well -identified, and their notoriety, at the date of the entry, is sufficiently established. The entry under which tfie defendant derives title, is elder in date;but its cajjig are not supported, nor is there exhibited in the regard, any serious effort to do so. The defendant jupies that he haá.had possession fer^ *446 about ten years before the commencement of this suit; but it appears that he settled outside of the interference between the two claims, and that no part of his enclosure is within the bounds of the land claimed by the complainants; and, according to the settled construction of the act for the speedy adjustment ofland claims, which prescribes the limitation of seven years for bringing suits for the recovery of land under adverse claims, it only applies to cases where suit is brought for land on which the adverse claimant has been settled for seven years. Had the complainants, therefore, showed a regular derivation of title under Philips’ entry, they would have been entitled to a decree for the land-in controversy; but this, we conceive, they have failed, to do by any legitimate evidence. They exhibit a deed of conveyance from Philips, in whose name the patent issued, to Andrew Hynes, deceased, the will of Hynes, and a deed of conveyance from William R. Hynes, one of his executors, to themselves, as executors of Isaac. Hite, deceased, and on the face of the papers there is no apparent defect; but we apprehend the evidence is insufficient to show that the conveyance from Hynes’ executors to the complainants, was made in pursuance of the authority given by the will of Hynes.
2. To understand this point, it is proper to advert to such parts of the will as have any hearing upon the subject. The testator, after making sundry specific devises of lands and other things, says: “ Item — All the lands that are not heretofore specially devised or disposed of, to continue in the hands of my executors, for the payment of my debts and the fulfilment of all my contracts; and, if necessary, to be sold by my executors, for the education of my children and the support of my family; and after the death of my wife, Elizabeth Hynes, all lands that are not disposed of by my executors for the purposes before mentioned, to be equally divided between my children. Item — I do ordain, constitute and appoint my nephew, William R. Hynes, Archibald Campbell, and my son, Thomas Hynes, when he shall arrive at the agé of twenty-one years, my sole executors, jointly or separately, to make conveyances, fulfil and adjust all previous or prior contracts that i .may in any manner be bound for, and to do such other acts and things touching the premises, as they may find-necessary, relative to their duty as executors.”
*447 The land conveyed to the complainants had not been specifically devised by the testator, and of course it is of the description which is embraced by these two clauses of the will. By the first of these clauses, it was plainly the intention of the testator to vest in his executors a joint interest in all the lands embraced by it, in trust, for the purposes therein mentioned; and by the latter clause, the testator has evidently given to his executors.apower, either jointly or separately, to sell and convey those lands for those purposes. A conveyance, therefore, by all the executors, of any of those lands, would, no doubt, operate to transfer the interest they had in such land, whether they had or had not made the conveyance in pursuance of the trust; and a conveyance by one only, would, in like manner, we appre-bend, operate to transfer his interest; but it is perfectly clear, that such-conveyance could not transfer the interest of the others, unless the conveyance were made in pursuance of the. authority given by the will; for beyond his own interest he had but a naked power, and it is a settled rule, that where a title is derived under a power, it must be shown to have been made in pursuance of the power, to render it valid.
3. The conveyance in this case, made by the execu-tory the complainants, recites that it was made in ful-filment of a written obligation of the testator; and if the obligation had been proved, it would have been sufficiently shown that the deed was made in strict compliance with the power given to the executor by the will. But, except the recital contained in the deed, there is no evidence of the obligation; and the law is, that a deed reciting another deed, is evidence of the recited deed, against the grantor and those claiming under him, but is not evidence against a stranger. Philips’ Ev. 355-6.
-The majority of the court, therefore, (Judge Minns dissenting,) are of opinion, that the proof was insufficient to show, that the conveyance by the executors of Hynes- to the complainants, was made in pursuance of authority given him by the will. *' $
The deed of the executor would, without proof of the obligation of the testator, he sufficient, as we have already observed, to convey the interest derived to the executors; and that was sufficient to authorise the complainants to come into a @ourt of equity to assert their *448 right. But they could not do this alone. The exeeu-tors, in such case, were necessary parties, and the children of the testator, to whom, after the death of. his wife, the remainder in fee of the lands not dispose'd of for the purposes in the will mentioned, were equally so; and as they were not made parties to the suit, the bill was properly dismissed. But instead of being dismissed absolutely, as it was by the circuit court, it ought to have been dismissed without prejudice to another suit.
The decree milst, therefore, be reversed, each party paying their own costs; and the cause must he remanded, for a decree to be entered dismissing the bill with costs, but without prejudice to another suit.