Judge Marshall,
delivered the Opinion of the Court..
This was an appeal from the judgment of a justice,. against McKitrick, for fifty dollars, with interest and costs, rendered on a note. The appeal bond was duly executed, and the case brought into the Circuit Court in proper time. At the first term afterwards, the following order was made. “ This day came the parties,. by their attorneys, and the Court being satisfied that they have no jurisdiction of this case—Ordered, that this appeal be dismissed, without prejudice, and that the appellant pay the appellee his costs herein expended; and on motion of the appellee, leave is given him to withdraw the note filed m this case:” which was done, and no copy of it is contained in the present record. To reverse this order and judgment, McKitrick prosecutes a writ of error.
If the question of jurisdiction is to be determined by what now appears upon the record, we must decide that the Circuit Court had jurisdiction of the case by appeal, and was therefore bound to let it proceed, and be disposed of, as in ordinary cases of appeal. Upon this hypothesis, which we are inclined to regard as the true *588 mode of viewing the question in this Court, it was manifestly erroneous to dismiss the appeal, and to adjudge the costs against the appellant.
As the pl'tf in a warrant is not confined, in the trial of an appeal, to the identical cause of action on which he relied before the J. P. it seems to be premature for the circuit court to determine that it has no jurisdiction of the case, before the pl'tf has exhibited the cause of action on which he will rely in the trial of the appeal.
Where, upon the trial of an appeal in circuit court, it appeals that the J. P. had no jurisdiction of the cases—the circuit court should not dismiss the appeal, at the cost of the appellant, (by which the parties would be remitted to the judg’t of the J. P.) but should dismiss, or abate the suit, for want of jurisdiction—thereby vacating the judg’t of the J. P. and give a judg’t against the plt'f. for the costs.
But if, because the note on which the judgment was rendered, and which was before the Circuit Court, is not now in the record, we should presume that it was given for more than fifty dollars, and that, being without credits, it showed that the justice had no jurisdiction to render a judgment upon it, even for $50, then two questions arise: first—was the Court authorized, on state of facts, to make a final disposition of the case, upon its own mere motion, and without proceeding to trial? and, second—if it had a right so to do, did it make the proper disposition of the present case?
In our view of the subject, it is only necessary to decide the last of these question. We would remark, however, in relation to the first, that we do not perceive how the facts upon which the question of jurisdiction depends, could properly come before the Court, unless they were shown upon motion, or in the progress of the trial. And further, that if, as was intimated in the case of Burton vs. Longs, 3 Litt. 444, the plaintiff in the warrant is not confined upon a trial of the case in the Circuit Court, to the identical cause of action on which he relied before the magistrate, it would seem to be premature for that Court to determine that it had no jurisdiction of the case on an appeal, until the plaintiff had made out, or attempted to make out, his cause of action on the trial: when, if he failed to prove one of which the justice had jurisdiction, judgment in some form, must have been rendered against him.
But waiving the decision of these points, and admitting that it sufficiently appeared to the Circuit Court, that the plaintiff had no cause of action which could have been proved under the warrant, and therefore none of which that Court could take jurisdiction by way of appeal from a justice; it seems to us, that instead of dismissing the appeal at the costs of the appellant, *589 whereby the parties were remitted to the condition in which they were before the appeal was taken, the Court should have dismissed, or abated, the suit, at the costs of the plaintiff, for want of jurisdiction to try it in that form; the effect of which would have been, to vacate the judgment of the justice, and the plaintiff must have brought his action in the Circuit Court, in the ordinary form.
The parties to an appeal from a J. P. stand before the circuit court, as they stood before the J. P. The pl’tf in the warrant is actor upon the trial of the appeal; and must make out a case within the justice s jurisdiction, and within the appellate jurisdiction of the circuit court, and conformable to the warrant.—Failing in either point, a judg’t must go against him, according to the nature of the case—which will include the costs.
As the judgment of the justice was for such an amount as authorized the appeal to the Circuit Court, the parties stood in the same attitude before that Court, as they occupied before the justice. And although the appeal was taken by the defendant, the plaintiff was actor, and had a right, and was bound, to make out a cause of action within the jurisdiction of the justice, and of the Circuit Court, and conformable to the nature of the warrant. (Suter vs. Cardwell, 6 Mon. 34; Semple vs. Morrison, 7 Mon. 300; Burton vs. Longs, supra.) If he failed to do so, he failed in his suit, and could not be entitled to a judgment of any sort in his favor, but there should have been a judgment against him, adapted to the extent and character of his failure, and which, as it seems to us, must always include the costs.
In any view of the case, the Circuit Court erred in the order and judgment contained in the record; wherefore, the judgment is reversed, and the cause is remanded.