HOSKINS
*vs*
ROBERTS.

---

## Hoskins *vs* Roberts.

### ERROR TO THE HANCOCK CIRCUIT.

### *Appeal.   Jurisdiction.*

JUDGE MARSHALL delivered the Opinion of the Court.

THIS was an appeal to the Circut Court from the judgment of a justice, by Hoskins, the defendant in the warrant. On the calling of the cause in the Circuit Court, the defendant's counsel moved the Court to dismiss the suit on the ground that it appeared from the note and the credit endorsed, as brought up with the warrant, &c. by the appeal, that the justice had no jurisdiction of the cause. The note was for $60, payable on the 16th of September, 1839, with an assignment to the plaintiff in the warrant, dated April 27th, 1840, and a credit of $10 of the date of October 30th, 1840. The plaintiff stated, in opposing the motion to dismiss, that the credit on the note was not entered the day it was given, and he could prove that it was entered before the warrant issued, which was on the 29th of October, 1840. The Court overruled the motion to dismiss, and on the trial, the plaintiff read in evidence the note with its endorsements as above stated, and proved that the credit was entered on the note by him before the warrant issued—on which evidence the defendant moved the Court to instruct the jury, that if they believed from the evidence that the credit was entered after the note fell due and interest had accrued on the note, in that case the law applied the payment first to the discharge of the interest, and the justice had no jurisdiction

APPEAL.

*Case 85.*

*April 20.*

Justices of the Peace have no jurisdiction of suits founded on notes having credits thereon, where the balance due is over $50, at the date of the credit given.

of the cause, and they should find for the defendant.    This motion having been also overruled, a verdict was found for the plaintiff, and the defendant prosecutes this writ of error to reverse the judgment rendered thereon.    As the statute of 1799, requiring partial payments of a debt bearing interest to be first applied in discharge of the interest then due, it follows that the payment of $10 upon this note for $60, could not have reduced the principal debt to $50, unless made before or at the time when the note became due, and that consequently the application of that payment, either at the date of the credit or at any time after the note fell due, would not have reduced the debt to a sum within the jurisdiction of a Justice of the Peace. If the question of jurisdiction should be determined by applying the credit at the date given to it on the note, without admitting parol evidence to show either that the credit was actually entered or the payment actually made at a prior time, then it conclusively appears in this case, from the note and the credit as endorsed, that the justice had no jurisdiction to render judgment on this cause of action, and the Circuit Court had no right, against the consent of the defendant, to give judgment for the plaintiff, on the same cause of action coming before it by appeal from the justice; and as upon the motion to dismiss the case for want of jurisdiction, the note with its endorsements was before the Court, and the plaintiff in effect admitted, that he meant to rely upon the same note to establish his cause of action on the trial, the Court, upon the hypothesis assumed, might and should have dismissed or abated the suit for want of jurisdiction in the justice: *Bassett* vs *Oldham*, 7 *Dana*, 168;   *M'Kitrick* vs *Peter*, 5 *Dana*, 587.

And if it be conceded, which is done without deciding. the point, that parol evidence, with regard to the time of the payment or of entering the credit, contrary to the tenor of the written credit, should be admitted to affect the question of jurisdiction, still as upon the motion to dismiss the plaintiff, did not intimate that he could prove that the payment was made, or the credit entered before or at the time when the note became due, the conclusion as to the right and duty of the Court in disposing of the

In appeals from Justices of the Peace, where it appears to the Circuit Court on the papers filed, that the justice had no jurisdiction, it is proper to dismiss on motion—or if, after a jury is sworn, it so appear on the pa-

motion is the same as if the motion stood exclusively upon the note and the credit as endorsed. We are of opinion, therefore, that the Court erred in overruling the motion to dismiss the suit.

We are also of opinion, that upon the evidence adduced on the trial, the Court should have given the instruction asked for by the defendant as above stated, and that it might on his motion have instructed the jury peremptorily to find for the defendant, on the ground that the plaintiff's evidence did not conduce to establish a cause of action on which the Court could render judgment when brought before it in this form.

Wherefore, the judgment is reversed and the cause remanded with directions to dismiss the suit for want of jurisdiction in the justice to render judgment on the cause of action made out under the warrant.

*Waller* for defendant.

instruct the jury to find for defendant on the ground of want of jurisdiction in the justice.