## Edwards *vs.* Ballard.

### ERROR TO MONTGOMERY CIRCUIT.

1. Recitals of fact in a deed or bill of sale are, in general, evidence against the parties to the instrument, though not against third persons, nor can a fraudulent vendee or his assignee rely upon such recitals against creditors of a vendor or previous purchasers. (6 *Peters*, 611; 4 *Ib.*, 1; 3 *Litt.*, 444.

2. Where it is necessary to show the payment of a valuable consideration to sustain a title, proof of a deed or bill of sale is not sufficient of itself. Where both parties claim under the same title, and the defendant has the first conveyance, it is incumbent on the plaintiff to show that the first conveyance was fraudulent, and that he was in a position to attach the first conveyance.

3. A vendor of a slave is not a competent witness to sustain the title to property which he has sold and warranted.

Judge SIMPSON delivered the opinion of the court.

William Edwards was the owner of a slave, which, together with other property that belonged to him, he sold and transferred to Ballard; but the sale and purchase seem to have been made for the purpose of defrauding the creditors of the vendor. He afterwards sold the same slave to his son, James Edwards, and executed to him a bill of sale therefor, in which the consideration is stated to have been six hundred and fifty dollars. This action was then brought for the slave by James Edwards the son, against Ballard, the fraudulent vendee, who had possession of the property; and the principal question presented for our determination is, whether the statement of the consideration in the bill of sale was evidence against the defendant that the plaintiff was a purchaser for a valuable consideration.

The right of the plaintiff to recover the slave from the fraudulent vendee depended, not alone upon proof of the fact that he was a purchaser from the fraudulent grantor, but also upon the additional fact that he was a purchaser for a *valuable* consideration. A bill of sale made to defraud creditors, is, nevertheless, valid against the fraudulent vendor and his represen-

EDWARDS
  vs.
BALLARD.

tatives; it is also valid against all merely *voluntary conveyances*, subsequently made by him.

Statements and recitals of fact, in a deed or a bill of sale, are as a general rule, evidence between the parties to the instrument. But here a third person was concerned, and the fact to be established affected the validity of his title. If the statement of a consideration in a bill of sale made by a fraudulent vendor to a second vendee be competent evidence to prove that the latter was a purchaser for a valuable consideration, it would always be in the power of the former to avoid, indirectly, by a conveyance to a third person, for his own benefit, his own fraudulent sales, although he would not do it in his own name. To permit this to be done would be against the policy of the law, and tend to the promotion of fraudulent transfers, to the injury of creditors.

1. Recitals of fact in a deed or bill of sale are, in general, evidence against the parties to the instrument, tho' not against third persons, nor can a fraudulent vendee or his assignee rely upon such recitals against creditors of a vendor or previous purchasers. (6 *Peters*, 611; 4 *Peters*, 1; 3 *Littell*, 444.)

But, although recitals in a deed or bill of sale are binding on parties and privies, yet such recitals do not bind persons claiming by an adverse title, or persons claiming from the parties by a title anterior to the date of the reciting deed. *Crane v. Morris*, 6 *Peters*, 611; *Carver v. Jackson*, 4 *Peters*, 1; *Hite v. Shrader*, 3 *Lit.*, 444. As a general rule such recitals cannot be used as evidence against strangers for any purpose; and as the defendant in this case claimed the slave in contest by an anterior bill of sale, he was not bound by the recitals contained in the subsequent one, made to the plaintiff by the same vendor; nor were such recitals any evidence against him of the existence of any fact which was essential to the establishment of the plaintiff's right of recovery in this action. There existed a motive on the part of the fraudulent vendor to state, in the bill of sale, that it was executed for a valuable consideration, whether the fact was so or not, as such a consideration was necessary to enable his vendee to recover the property which he had previously sold and conveyed by a fraudulent contract. Under these circumstanses the bill of sale did not, of itself, prove as against the defendant in this action

that it was founded on a valuable consideration, although, as between the parties to it, it would be evidence of that fact.

There was no evidence offered which, in our opinion conduced to prove that the plaintiff was a purchaser of the slave in contest for a valuable consideration. The proof of the execution of the bill of sale under which he claimed established the fact of his purchase, and would be sufficient evidence of his title in all cases where it was not necessary to prove the additional fact that he was a purchaser for a valuable consideration. But in this action, where both parties claimed under the same title, and the defendant was the first purchaser, the plaintiff had to show, in order to avoid the conveyance to the defendant, not only, that it was fraudulent, but also that he was in an attitude to avail himself of the fraud in the contract under which the defendant claimed.

The testimony which was excluded by the court, if admitted, would not have proved that the bill of sale was founded on a good and valuable consideration. The fact proved was, that the plaintiff had previously taken five slaves for his father to Alabama, and that when he returned to this state he was prosecuted by the defendant for the removal of the slaves, and thereby put to great trouble and cost; but there was no proof tending to show that the bill of sale for the slave in contest had any connection with that transaction, or had been executed to the plaintiff as a compensation for the trouble and expense he had incurred in consequence of the prosecution against him, for the removal of the slave, or that his vendor was under any legal liability to him on that account.

Nor did the court err in rejecting the depositions of the fraudulent vendor, William Edwards and his wife. The bill of sale which he executed to the plaintiff contained a covenant of warranty, and made him liable to the plaintiff for the title of the slave.

His bill of sale to the defendant also contained a covenant of warranty, but as such a covenant is exec-

2. Where it is necessary to show the payment of a valuable consideration to sustain a title, proof of a deed or bill of sale is not sufficient of itself. Where both parties claim under the same title, and the defendant has the first conveyance, it is incumbent on the plaintiff to show that the first conveyance was fraudulent, and that he was in a position to attack the first conveyance.

3. A vendor of a slave is not a competent witness to sustain the title to property which he has sold and warranted.

utory it would not be enforced by the defendant against his vendor, as the sale was fraudulent, and therefore, if the plaintiff had recovered the slave in this action, the fraudulent vendor would not thereby have incurred any legal liability to the defendant. He had, therefore, an obvious interest on the side of the plaintiff; and his deposition and that of his wife, were properly held by the court to be incompetent, especially as they were offered to prove, among other things, that the first sale made to the defendant was fraudulent.

The law of the case, as expounded by the court below, was in conformity with the principles of this opinion. And as the other matters involved in the issue between the parties were mere questions of fact, it was the province of the jury to decide them. The judgment for the defendant, founded on their verdict, cannot therefore be disturbed.

Wherefore, said judgment is affirmed.

APPERSON and DANIEL for appellant.