CASE 27—DECEMBER 24.

# Fidler vs. Hall.

2mo461
oII3 208

APPEAL FROM BULLITT CIRCUIT COURT.

1. The Civil Code confers jurisdiction upon justices of the peace in actions for the recovery of money and personal property, where "the matter in controversy" does not exceed fifty dollars. (*Sec.* 29.) In determining the extent of the matter in controversy, the interest is always computed. (18 *B. Mon.*, 225; *Harris vs. Barker, MS. opin. Dec.*, 1857.)

2. The circuit court has no jurisdiction to try causes upon appeals from quarterly courts over which the quarterly courts themselves have no jurisdiction.

3. The amount in controversy was over fifty dollars; the justice of the peace dismissed the warrant, and the plaintiff appealed to the quarterly court, which likewise dismissed him; he then appealed to the circuit court, which rendered judgment in his favor. *Held*—That the action of the justice and of the quarterly court was correct, and that the circuit court should have dismissed the appeal for want of jurisdiction.

4. In such case the submission of the law and facts to the court did not operate as a waiver of the objection upon the score of jurisdiction, especially as the judgment was excepted to.

READ, for appellant, cited *Civil Code, sec.* 29 ; *Wigginton vs. Moss, ante;* 18 *B. Mon.*, 223.

THOMPSON & FIELD, for appellee, cited *Hardin*, 536.

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

In November, 1858, Hall sued Fidler upon an obligation for fifty dollars due in June, 1848. The proceeding was by warrant before a justice of the peace. The justice regarding the amount in controversy—debt and interest—as being beyond his jurisdiction, dismissed the warrant. From this judgment Hall appealed to the quarterly court, which likewise dismissed him. Not being satisfied, he then appealed to the circuit court.

After his appeal had been filed, and process had issued thereon, and was served upon Fidler, Hall filed a petition in equity asserting a lien for the amount of his debt upon certain property mentioned in the obligation. This petition was, upon Fidler's motion, dismissed, and, as the record shows, the case then stood upon the appeal from the quarterly court.

A jury having been dispensed with, and the law and facts submitted to the court, a judgment was rendered in Hall's

favor—"reversing the judgment of the quarterly court," and awarding him the full amount of his debt and interest against Fidler. Of this judgment Fidler complains; and, in our opinion, his complaint is well founded.

The justice very properly dismissed the original warrant for want of jurisdiction.

The Civil Code confers jurisdiction upon justices in actions for the recovery of money and personal property, where "the matter in controversy" does not exceed fifty dollars. (*Sec.* 29.)

In determining the extent of the matter in controversy, the interest is always computed. So it was held by this court in *Orth vs. Clutz*, (18 *B. Mon.*, 225,) and in *Harris vs. Barker*, (*MS. opin. Dec.*, 1857,) where the question was one of jurisdiction, and depended wholly upon the amount in controversy.

The language of the section *supra* is materially different from that of the act of 1828. (2 *vol. Digest*, 902.) The former limits the jurisdiction to cases where the "matter in controversy" does not exceed fifty dollars, and the latter limits it to cases where "the debt" does not exceed that amount. Under the act of 1828, it was held by this court, that in determining the jurisdiction of justices, the interest should not be computed as a part of the debt, it being a mere incident thereto. But that if the debt did not exceed fifty dollars, the justice had jurisdiction, whatever the amount of interest might be. (4 *J. J. Mar.*, 171; 2 *B. Mon.*, 264.) This ruling, however, has no application to cases arising under the Civil Code *supra*, which prescribes a totally different test of jurisdiction.

If, as we have seen, the justice had no jurisdiction, it results not only that the quarterly court properly refused to take cognizance of the case by appeal, but that the circuit court should, in like manner, have refused, and erred in not thus refusing and dismissing the appeal.

It has been repeatedly held by this court that the circuit court has no jurisdiction to try causes upon appeals from justices, over which the justices themselves have no jurisdiction. As was said in *Kirk vs. Williams*, (4 *Mon.*, 413,) "to tolerate such new mode of bringing causes into court would be to permit an abuse never intended to be allowed by the legislature." (4 *Mon.*, 413; 1 *Littell*, 40.)

The reason of this rule applies as well to appeals from quarterly courts as to those from justices; and, in the absence of any legislative enactment allowing such practice, we have no hesitation in adhering to the rule, and applying it to appeals from quarterly courts.

The submission of the law and facts did not operate as a waiver of the objection upon the score of jurisdiction. The effect of this was merely to dispense with a jury to try the facts, and the subsequent exception to the judgment shows that it was so regarded by the parties.

It seems to us that the circuit judge erred in assuming jurisdiction over the matter, and that he should have simply dismissed the appeal.

Wherefore, the judgment is *reversed*, and cause remanded, with directions to the circuit court to *dismiss the appeal*.