OPINION of the Court, by
Judge Boyle.
— This'was. an action of trespass upon the case, for the trover and conversion of three hogs, charged to be of the value of ten dollars each ; and the damages were laid in the declaration at fifty dollars. The defendant plead the general issue, and the jury found a verdict for the plaintiff for eleven dollars and twenty-five cents ; for which the court refused to give judgment, not having, as they alleged, jurisdiction of the cause.
To determine the question of jurisdiction, it is necessary to advent to the acts of the legislature from which the courts of this country derive their existence and. their powers.
The damages laid in the writ and declaration^ in actions founding in damages, give the court jurifdiction 5 and the verdict for lefs than 5 does not ouft the circuit court ofju« rifdictioc — *Ac^ cord. Wright Cernís^ this term, May 24*
Vide Hum ⅞/⅜⅞ Ben, fofi
The act establishing circuit courts gives to them jurisdiction of all causes, matters and things at common Saw and in chancery within their respective circuits, except in causes of less value than five pounds, or one thousand pounds of tobacco. By a preceding act of the legislature, cognizance of all causes of less value than five pounds, or one thousand pounds of tobacco, was given to the justices of the peace.
Attending alone to the language of these laws, we should be led to believe that the value of the cause of action would of itself, precisely and definitely mark the limits of these respective jurisdictions ; but in order to obtain correct ideas upon this subject, we must look beyond these laws, and combine, with the value of the cause of action other considerations. The legislature, front motives of sound policy, have not.given to justices of the peace power to summon, empannel and swear juries for the trial of civil causes. For want of this incidental power, all causes, whatever maybe their value or amount, in which the parties have a right to a tiial by jury, are necessarily excluded from the jurisdiction of the justices of the peace. The constitution having guaranteed the trial by jury as heretofore, it becomes material to ascertain in what causes, prior to the formation of the constitution, the solemnity of a jury was an indispensable requisite. The distinction between actions founded upon tort and those founded upon contract, or in other words between those arising ex delicto and those arising ex contractu or quasi ex contractu, seems to furnish a general rule upon this subject. In actions of the former description, in the state of Virginia, from which we derive immediately the major part of our jurisprudence, the trial by jury has been in use time out of mind, without any regard to the amount or value of the cause of action ; but in those founded upon contracts, or quasi contracts, where the value of the cause of action was less than five pounds, the solemnity of a jury trial has been unknown in that state since the establishment of their county courts in 1748. To the trial, therefore, of causes of less value than five pounds, arising ex con-tractu, the powers of the justices of the peace are competent ; but those actions arising ex delicto are not, in general, within their jurisdiction. Butthequestionhere occurs, whether in such actions, tvfcera the amount or va *344 lue is less thaa five pounds,the circuit courts can entertain jurisdiction. From the identity of the language used, in describing the causes excepted from the jurisdiction of the circuit courts and that used in giving jurisdiction to the justices of the peace, it is evident the legislature intended that where the one.jurisdiction ended the other should begin. Hence, it follows, that by proving a cause to be without the one, you necessarily demonstrate it to be within the other, and so vice versa.
As the action of trover and conversion is founded upon tort, the inference would naturally result from the preceding view of the subject, that the circuit court in the present case, though the cause was of less value than five pounds, as appeared by the verdict, had jurisdiction.
But the general rule, that in actions founded upon tort, a jury is an indispensable solemnity, does not apply to trover and conversion. By an act of the Virginia legislature, passed in 1748, it was provided, that when any person entitled to an action of trover, should set forth the value of the thing demanded to be under five pounds, that the county court should, upon petition, hear and determine it without the intervention of a jury, and if in any such action the plaintiff should proceed according to the course of the common law, and declare for any thing of less value than five pounds, exclusive of damages, he should be non suit. Under the operation of this law, the penalty of a non suit was easily evaded by declaring the thing to be of greater value than five pounds. But as this summary mode of suit by petition and trial without jury in cases of less value than five pounds, was thought to be beneficial as well to the defendant as to the plaintiff, the legislature, to secure it more effectually, provided by an act passed in 1786, that where any person should bring an action of trover and conversion, and the jury should find less than five pounds, he should be non suit. These acts being applicable to the peculiar organization of the county courts in Virginia, and to the mode of proceeding in those courts, ceased to have the force of law in this country upon the establishment of our state government. But though not in force as law, yet as the constitution has secured the trial by jury in cases where that mode of trial was used prior to its formation, it is proper to refer to diese acts of the Virginia legislature to shew what *345 had been the law and the practice upon this subject; and used in this way, they shew very satisfactorily that the solemnity of a jury was not necessary in trover, where the value of the cause of action was less than five pounds. Such actions, therefore, where the value of the cause of action is less than five pounds, seem, by our laws, to be excepted from the jurisdiction of the circuit Nmrts, and given to the justices of the peace. But at what time, and in what manner ought the exception ⅞0 the jurisdiction to be taken ? Wherever it is apparent, from the plaintiff’s writ and declaration, that the cause is not within the jurisdiction of the court, the whole proceedings are void, as being coram non judice, and the objection to the want of jurisdiction may be made at any stage in the progress of the cause, and even after its final termination. But the case before the court is vastly different: the writ and declaration exhibit a cause of action within the jurisdiction of the court, and no exception is taken until after a trial in chief on the merits, and a verdict for the plaintiff. No precedent has been found where, at common law, it has been ruled, that the verdict of the jury finding a sum less than that of which the court has cognizance ousted the court of jurisdiction.
The cases reported in 1 Str. 46, 2 Str. 974,1120, 1 Wils. 19, 2 Wils. 68, and 3 Wils. 48, are all predicated upon statutary provisions, indicating the particular time and mode of taking exception to the jurisdiction. On the other hand, authorities are not wanting to shew that in actions sounding in damages, those laid in the declaration, and not those found by the jury, are the cause of action, and give to the court jurisdiction — ■ Hardwick’s Cases 29, 30, 2 Dallas 358-9, 3 Dallas 401 to 408.
In these cases the doctrine is explicitly laid down, that the damages in the declaration furnish the rule to ascertain the jurisdiction of the court. The act of the Virginia assembly, providing that when, in trover, the verdict was less than five pounds, the plaintiff should be nonsuit, does not derogate from the weight of these authorities ; so far otherwise, that it appears to be bottomed upon the idea that without such a provision, the court would have been bound, upon the principles of the common law, to pender judgment for the plaintiff. *346 The absurd and inconvenient consequences that would result from a contrary doctrine, afford a strong argument against its propriety. If a verdict for less than five pounds would oust the court of its jurisdiction, then it vvo'uld seem to follow, that a verdict for the defendant would equally deprive the court of its jurisdiction, and that no judgment could be given that would bar a future action for the same cause, or that would award to the defendant his costs.
In actions sounding in damages, if the verdict is to be the criterion of jurisdiction, in many cases it will be impossible for a plaintiff to know to what tribunal to apply for relief; if he estimates his cause of action either too high or too low, it will be equally fatal. But farther, taking the verdict as the rule to ascertain the jurisdiction, and it may be easily conceived that cases may occur in which, from a difference of opinion in the amount of damages between the jury and the justice of the peace, neither tribunal will exercise jurisdiction, and the party will be without a remedy. A doctrine resulting in such consequences cannot be correct.
It is unnecessary to decide in this case whether an exception to the jurisdiction may be taken by plea in a case where the value laid in the declaration gives to the court jurisdiction ; no plea of this sort having been pleaded in this case.
Upon the whole, we are of opinion the circuit court erred in refusing to give judgment for the plaintiff, and in adjudging costs to the defendant.
Judgment reversed.