OPINION OF THE COURT.
YOUNG having recovered judgment before a justice of the peace for §42 50 cents, and costs against Murdock Garnet, caused an execution to issue against the estate of Garnet, directed to a constable of Montgomery county. The execution was put into the hands of Lane, the plaintiff in error, who was constable, in June 1820; and the constable failed to return the execution to the justice, until January 1821, and then returned it without having made any part of the debt.
Young then, after having notified Lane thereof, moved the justice for a judgment against Lane, for the amount of the execution and damages, on the ground of Lane’s failure to return the execution in the time prescribed by law ; but the justice overruled the motion, and refused to render judgment against Lane. From the decision of the justice, Young appealed to the circuit court : and the circuit court being of opinion against Lane, rendered judgment in favor of Young, for forty-three dollars and seventy five cents, and costs. To reverse that judgment, Lane has prosecuted this writ of error with supersedeas.
1. In deciding against Lane, we are of opinion the circuit court erred. There were no pleadings in writing, in that court; and as the case was brought before it by an appeal from the judgment of a justice of the peace, no recovery could regularly be had against Lane, unless the cause of complaint is cognizable before a justice. It is obvious, however, that Young’s cause of complaint does not come within the justice’s jurisdiction. There is a provision in the 18th section of an act approved February 4th, 1815, (5 Litt. 264.) which, if in force, would, no doubt authorise the justice to take cognizance of Young’s cause of complaint. *41 In that section, after directing constables to return all executions which may come to their hands, to the justice who may have issued them, it is provided, that every constable failing to make such return, ten days after the return day of the execution, shall be liable to pay the debt and costs mentioned in such execution, to the plaintiff, to be recovered before any justice of the peace, by motion, ten days’ previous notice of such motion first having been given to the constable. But the act of which the section to which we have referred forms a part, was temporary in its nature, and by the latter clause of the sixth section it is expressly declared, that “the laws then in force as to executions not endorsed as directed by the act, shall be suspended until the first of February 1816, and at that period they shall be again revived, and this act shall cease to operate.” According to the plain import of this clause in the sixth section, therefore, it is evident, that the entire act was, at the time of its passage, intended by the legislature to be inoperative after the first of February 1816. Subsequent acts of the legislature, revived and continued in force most of the provisions of the act of February 1815, for several successive years; but by adverting to those acts, they will be seen to have all ceased to operate, before the day on which the execution of Young was delivered to the constable, Lane. Having ceased to operate, therefore, the act of 1815 cannot be admitted to authorise the justice to take cognizance of the matter; and we know of no other act, from which the jurisdiction of the justice can be deduced.
A justice has not jurisdiction of a motion against a constable for failing to return an execution for $42; the act authorising such motion, having been temporary and expired.
The judgment must, consequently, be reversed with costs.