## Case No. 9,949a.
### MURPHY v. HOWARD.
[Hempst. 205.] [1]

Superior Court, Territory of Arkansas. Jan., 1833.

COURTS — JURISDICTIONAL AMOUNT — ACTION FOR DAMAGES—AMOUNT CLAIMED IN DECLARATION—AMOUNT AWARDED BY JURY.

In actions sounding in damages, those claimed in the declaration, and not those awarded by the jury, constitute the cause of action, and give the court jurisdiction.

Appeal from Conway circuit court.

Before JOHNSON, ESKRIDGE, and CROSS, JJ.

OPINION OF THE COURT. [Benjamin F.] Howard declared in an action of assumpsit against [Benjamin] Murphy for the value of a certain keelboat, charged to be of the value of one hundred and fifty dollars, and laid his damages at that amount. Upon the trial of the issue joined, the jury by their verdict assessed the damages to twenty-five dollars, for which the court rendered judgment for Howard, from which Murphy has appealed to this court. The only ground relied upon by the counsel for the appellant for reversing the judgment is, that the circuit court did not possess jurisdiction of the case. By referring to the statute of 1828 (Acts, p. 34), it will be seen that the circuit courts are clothed with "original jurisdiction in all cases of one hundred dollars and upwards." Is this a case of one hundred dollars, or is it a case where the amount in controversy is less? To decide this question we must look either to the declaration or the verdict of the jury. By referring to the former, it will be seen that the amount in controversy is one hundred and fifty dollars, the damages claimed for a breach of the contract. According to the latter, the amount in controversy was twenty-five dollars, the damages assessed by the jury in their verdict. To which of these shall we refer in deciding the question now presented to the court? The doctrine is well settled that in actions sounding in damages, those laid in the declaration, and not those found by the jury, are the cause of action, and give to the court jurisdiction. Hulsecaup v. Teel [Case No. 6,862]; [Sims v. Irvine] 3 Dall. [3 U. S.] 441; 1 Bibb, 345. In these cases the doctrine is expressly laid down that the damages in the declaration furnish the rule to ascertain the jurisdiction of the court. "The absurd and inconvenient consequences that would result from a contrary doctrine, afford a strong argument against its propriety. If a verdict for less than one hundred dollars would oust the court of its jurisdiction, then it would seem to follow, that a verdict for the defendant would equally deprive the court of its jurisdiction, and that no judgment could be given that would bar a future action for the same cause, or that would award to the defendant his costs. In actions

sounding in damages, if the verdict is to be the criterion of jurisdiction, in many cases it will be impossible for a plaintiff to know to what tribunal to apply for relief. If he estimates his cause of action either too high or too low, it will be equally fatal. But further, taking the verdict as the rule to ascertain the jurisdiction, and it may be easily conceived that cases may occur in which from a difference of opinion in the amount of damages between the jury and the justice of the peace, neither tribunal will exercise jurisdiction, and the party will be without a remedy. A doctrine resulting in such consequences cannot be correct." Singleton v. Madison, 1 Bibb, 342. Judgment affirmed.

Debt will not lie for a debt under forty shillings (2 Inst. 311, 112), yet the smallness of the sum must appear on the face of the declaration. 3 Burrows, 1592; Barnes, Notes Cas. 497. And though reduced by a set-off, it will not affect the jurisdiction of the court. 3 Wils. 48.