Chief Justice Robertson
delivered the Opinion of the Court.
Wilson having obtained a judgment in the country, for fourteen dollars, against Williams, on a warrant upon a covenant for fifty five barrels of corn—the latter appealed to the Circuit Court; where his appeal was dismissed, with a judgment against him for costs, the Circuit Judge expressing the opinion that the appeal should have been to the County Court.
This writ of error is brought to reverse that judgment.
If the Circuit Court had no jurisdiction, the judgment for costs was evidently erroneous.
But that Court had jurisdiction, and therefore erred in dismissing the appeal for a supposed want of cognizance over it.
The fourth section of an act of 1812, increasing the jurisdiction of justices of the peace, (2 Stat. Law, 893,) provides, that when “ the matter in controversy ” before a justice shall exceed five pounds, either party may appeal to the Circuit Court of the county in which the judgment shall have been rendered by the justice; and that, upon such appeal, the case shall be tried as it should have been, had the suit been originally instituted in the Circuit Court.
And it has been correctly decided by this Court, in the case of Suter vs. Cardwell, 6 Mon. 34, that, upon any such appeal to a Circuit Court, the plaintiff before the justice must prove his demand, and may, according to his proof, recover a judgment, even though the amount shall exceed that of the judgment appealed from.
And this Court also decided, and we think correctly, that when the amount in controversy before the jus *597 tice — that is, the amount demanded in the warrant— exceeds five pounds, neither party can appeal to the County Court, whatever may have been the amount of the judgment. See Mills vs. Couchman, 4 J. J. Marshall, 242.
The right to an appeal to the Ct. of Appeals, depends on the amount of the judgment, (or decree,) where no franchise or freehold is involved. If it is against the def't, and amounts, exclusive of costs, to £30, he may appeal ; if it is against the plt’f, and he claims as much as £30, (as it is against him for all he claims,) he may appeal.
The statute makes the amount in controversy before the justice, and not the amount of the judgment, the criterion of an appeal to the Circuit Court.
And moreover, as upon the appeal in this case, Wilson would have had a right to a judgment exceeding five pounds, if his proof had entitled him to more than that sum, and as a County Court would have had no jurisdiction to render such a judgment, it seems clear that, on that ground alone, were there no other, it was the duty of Williams to take his appeal to the only Court that was competent to a full decision of the matter in. controversy.
This opinion, thus fortified by the letter and reason of the statute, and by the authority of adjudged cases, is, in no degree, impaired by the fact, that a defendant, against whom a judgment had been rendered in an inferior Court for a less sum than one hundred dollars, where no franchise or freehold was involved, cannot appeal to this Court, even though the plaintiff in the action might bring an appeal here, if he had demanded, by his suit, more than one hundred dollars; for the statute regulating appeals to this Court makes the amount of the judgment the test of the right to appeal; and consequently, as a party cannot appeal from a judgment for less than one hundred dollars, where there is nothing but the amount of the judgment to authorize an appeal, a plaintiff in an action for a thousand dollars may appeal from a judgment in his favor for only one cent; because, if he be entitled to a judgment for the sum demanded, the judgment which he seeks to reverse is, as against him, for more than one hundred dollars—but, the judgment against the defendant in the action being for less than one hundred dollars, he cannot appeal, but can prosecute a writ of error only.
This case cannot, therefore, be affected, in the slight *598 est degree, by the established doctrine respecting appeals to this Court.
Wherefore, it is considered that the judgment of the Circuit Court be reversed, and the cause remanded for trial.