2m 526
97 487

B.
Monroe
2bm 526
j112 40

MOTION.            **Howard** *vs* **Jones**.

Case 3.        ERROR TO THE HARLAN CIRCUIT.

*Motion. Jurisdiction.*

*May* 5, 1838.    JUDGE MARSHALL delivered the Opinion of the Court.

From a judg- ment of a Jus- tice on a motion against a con- stable for failing to return execu- tion where the amount collect- able exceeds £5, appeal must be to the Circuit Court.

THE amount collectable on the execution, for a failure to return which by a constable this motion was made, having been above five pounds, the motion should have been made in the Circuit Court, and a Justice of the Peace had no jurisdiction to try it: (*Stat. Law*, 420–21;) *Lane* vs *Young*, (1 *Litt.* 40;) *Abbey* vs *Thomas*, (2 *Litt.* 166;) *Jennings* vs *Jones*, 4 *J. J. Marshall*, 217,) unless in a case arising after the passage of the act of 1835, ap- proved February 28, 1835—*Session Acts*, 1834–5, *p.* 301–2.

If the amount specified in the notice, and the judgment of the Justice in such case exceed £5, the appeal prop- erly lies to the Circuit Court.

But as the amount demanded, whether determined by the notice of the motion or by the judgment of the Jus- tice, exceeded £5, an appeal from the judgment lay to the Circuit Court, even before the statute of 1835, above referred to: *Craddock* vs *Patterson*, (1 *Mon.* 9,) and there was no other tribunal which could be appealed to for the correction of the error of rendering a judgment in a case of which the justice had not jurisdiction, or of the error of rendering judgment for 30 per cent. damages on the amount of the execution, instead of ten per cent. as allowed by law, (*Stat. Law*: 420–21; *Wilson* vs *Slaughter*, (3 *J. J. Mar.* 593–4.)

The appeal, however, being in a case in which, sup- posing it to have arisen before the statute of 1835, the justice had no jurisdiction as appears by the notice which is the foundation of the proceeding, and in which, as the evidence must have been limited by the notice, no case could have been made out in the Circuit Court of which the justice would have had jurisdiction; and in which, moreover, if the notice could have been so far departed from as to admit a demand of the same nature to be proved, which was under £5, and therefore, within the jurisdiction of the Justice, such case would not have

been within the jurisdiction of the Circuit Court, original or appellate; it follows as an established principle in relation to the trial of appeals in the Circuit Court, that the appeal in this case did not and could not give that Court jurisdiction to try and decide the motion on its merits, and give final judgment on the rights of the parties, as growing out of the facts charged in the notice, unless by virtue of the provision of the act of 1835.

But it was nevertheless improper and erroneous to dismiss the appeal for the want of such jurisdiction, even if the want of jurisdiction had appeared; because the effect of that order was to remit the appellee to the benefit of his judgment, to be relieved against which the appellant had made his appeal; and because, although the appeal did not give the Court jurisdiction of the whole case, or of any case which could be presented on that notice, it gave it jurisdiction over the question of jurisdiction itself, and instead of making an order which operated against the appellant who had appealed from a judgment rendered against him without jurisdiction. The Court should in some form, have decided in favor of the appellant, on the ground of the want of jurisdiction in the Justice: *Ellidge* vs *Wilson*, (1 *J. J. Mar.* 587–8.)

On this ground, therefore, if the case does not come within the act of 1835, which cannot be ascertained as the record now stands, the judgment of the Justice should have been reversed; or on motion of the appellant the notice might have been quashed or the motion dismissed. But if the case comes within the act of 1835, the Justice had original jurisdiction of the motion and the Circuit Court had jurisdiction on the appeal, so that in either Court the order dismissing the appeal was erroneous, and the Court should have proceeded in the motion far enough to ascertain whether the cause of the motion arose since the passage of the act of February 28, 1835, in which case he should have proceeded to a full trial on the merits, and if not he should have reversed the judgment of the Justice.

Wherefore, the order dismissing the appeal is *reversed* and the cause remanded for further proceedings as herein directed.                           *Henderson* for plaintiff.

---

*Margin notes:*

HOWARD
*vs*
JONES

And if upon hearing in the Circuit Court, it shall appear that the Justice had no jurisdiction, or that no appeal lay to the Circuit Court, such judgment should be entered as would prevent the plt'f in the motion from proceeding upon the erroneous judgment appealed from.