Judge Marshall
delivered the Opinion of the Court.
This case originated in a warrant from a Justice of the Peace, requiring Oldham to answer to Bassett “ for the detaining of a certain steer, worth $20.” On this warrant, the Justice rendered a judgment against Oldham for eleven dollars sixteen and two third cents, besides costs. Oldham appealed to the. Circuit Court. And on the appearance of the parties in that Court, the suit, on motion of the appellant, was ordered to be dismissed, for want of jurisdiction in the Justice; and a judgment was pronounced in favor of the appellant for costs. This writ of error is prosecuted by Bassett, for the reversal of the judgment for costs alone.
If, as seems to be supposed by the plaintiff, the order of dismission operated merely to dismiss the appeal, whéreby the plaintiff would have been remitted to the benefit of his judgment, he would certainly have been entitled to his costs occasioned by the appeal. But the order dismisses the suit, and not the appeal; and if correctly made, should be adjudged, as it was probably intended, to have the effect of reversing or quashing the proceeding before the Justice, and of thus remitting the plaintiff to his proper remedy de novo. If this disposition of the case was rightfully made, there seems to be no doubt that the appellant, thus succeeding in the object of his appeal, should have his costs. McKitrick vs. Peter, 5 Dana, 589; Howard vs. Jones, Spring term, 1838.
It is laid down in the case of Williams vs. Wilson, 5 Dana, 597, that the amount demanded in the warrant is the criterion which determines the question as to the appellate jurisdiction of the Circuit or County Court in the particular case. And the amount demanded in this warrant being over five pounds, the appeal was pro *169 perly taken to the Circuit Court. It is also to be deduced from the two cases first above cited and others therein referred to, that, whenever the Circuit Court having rightful possession of the case by appeal, can properly determine that no case of which the Magistrate had jurisdiction can be made out under the warrant: or in other words, when it conclusively appears that the Justice had not jurisdiction to try any case under the warrant, that Court may dismiss or abate the suit, or make such other order as may be appropriate for rendering the proceeding before the Justice inoperative.
Under the constitution and laws of this State, Justices of the Peace have no jurisdiction, in civil cases, of any demand not arising by contract, if the amount in contest, or the value of the cause of action, exceed five pounds. And upon the principle of the case of Williams vs. Wilson, above cited, and the cases of Singleton vs. Madison, 1 Bibb, 342, and Hume vs. Ben, same, 403, and others to the same effect, we are of opinion that the amount in contest, or the value of the cause of action, is to be determined, so far as the question of jurisdiction is concerned, by the sum demanded in the warrant. And as the sum demanded in this warrant exceeds five pounds, and the demand does not appear from the warrant to have arisen ex contractu, but rather to be a claim of damages for the wrongful detention of the plaintiff’s own property, we are of opinion that it presents a case of which the justice had not, and could not take, jurisdiction; that he had no right to hear evidence, or pronounce judgment, under it; that, upon the appeal from the judgment rendered, the Circuit Court had a right, upon inspection of the warrant, to dismiss or abate the suit, and thereupon to award to the appellant his costs in the appeal.
The plaintiff may, in another warrant, present a case of contract, or demand less than five pounds for the detention or conversion of his steer; or he may demand greater damages by action in the Circuit Court.
Wherefore, the judgment is affirmed.