Judge Okessiiaiv
delivered the opinion of the Court.
Tins 'is an action of replevin, brought by AdanN against -Aulick, for a hog, which was valued by two ■housekeepers to the sum of $3 75. The property was ‘lakon-by the Sheriff and delivered to the plaintiff.
The defendant filed two pleas in abatement; one upon-the ground that the amount in controversy, being of •less value than five pounds, the Court had no jurisdic•tion ; and the other, that the plaintiff did not before the impetration'ofhis writ, file with the clerk of the Court,, an affidavit, stating the value of the property about to be sued -for, and that he was entitled to-the immediate possession'of it.
To these pleas the plaintiff filed a demurrer, which was joined by the defendant, and sustained by the Court-. And the defendant failing to make any further defence, a-jury were sworn to enquire of damages, and they found a verdict for the plaintiff, upon which the Court gave judgment.
The only question necessary to be decided by this Court is, -as to the validity of the pleas ; and we have ■no doubt of their insufficiency.
The point involved in the first plea was decided by this Court-, in the case of Singleton vs Madison, (1 Bibb, 342,) and that decision has not only not been departed from since, but has been approved in several cases: The decision in that case is that the damages laid
in the declaration, in actions of tort, give jurisdiction; And the Legislature, by an act approved February 12th, 1840, conferring jurisdiction upon Justices of the Peace in actions of trespass and trespass on the case, does not *105 change the law iu this respect, bat, on the contrary, coniines their jurisdiction in such actions, to cases in which the damages laid do not exceed five pounds. But, if it did not so limit their jurisdiction, it would make no difference, because'’the jurisdiction given to Justices of the Peace by this act is not exclusive but concun'ent. The damages laid in this case are $75, and hence the first plea was not good.
Since the act of 1842 it is not necessary to filé an. affida-vit oí the -value of property sued for iit repévlin.
blurry for plaintiff; Swope for defendant-.-
An affidavit was filed, containing all the requisites of the act of 1842, (3 Stat. Law, 503,) but the second plea assumes, that it was necessary before the impetration of the writ that an affidavit should be filed with the clerk, stating the value of the property about to be sued for-. This was required by an act, approved February 18th, 1840, but was dispensed with by the act above referred to, approved 17th of February, 1842. Before the passage of this latter act, it was necessary for the plaintiff to execute bond in the clerk’s office, in a penalty double the amount of the property about to be sued for, and hence an affidavit of its value was required as the means of fixing the penalty of the bond.But, the act of 1842, instead of requiring the bond to be executed in the clerk’s office, directs that it shall be taken by the Sheriff in the same penalty, and that the value of the property shall be ascertained by two or more disinterested persons, under an oath administered by the officer. This latter act repeals all others coming within its purview, and repeals, therefore,- substantially, so much of the act of 1840, as requires an affidavit of value to be filed in the clerk’s office. But the second plea is bad for another reason — no affidavit at all was necessary, if the property sued for had been distrained for rent, and this plea contains no averment that it had hot been so distrained.
It results that the Circuit Court decided correctly in sustaining the demurrer to the pleas, and in giving judg-ment for the plaintiff upon the verdict of the jury.-
Wherefore the judgment is affirmed.