JUDGE STITES
delivered the opinion of the court:
Chambers sued Tipton for the value of a wagon alleged to be worth fifty-nine dollars, and the latter resisted a recovery upon the ground that the property did not belong to the plaintiff.
A trial was had in the circuit court, and a verdict and judgment rendered for twenty-five dollars in favor of Chambers, to reverse which this appeal is prosecuted by Tipton.
*566 It is objected by appellee that this court has no jurisdiction of the case, because the judgment is for less than fifty dollars; and, in our opinion, the objection is well taken.
In Brandies vs. Stewart, &c., decided at the present term, and in the case of Wickliffe vs. Link, (MS. Opinion, June term, 1858,) it was decided that this court had no jurisdiction in appeals prosecuted by the defendant in actions for money or personal property, where the judgment against such defendent was for less than fifty dollars, and not reduced below that sum by a set-off or counter claim; and no sufficient reason is perceived for a different opinion now.
The Civil Code {secs. 15, 16, 17) prescribes the jurisdiction of this court, and its provisions in this respect are full and complete. It enumerates in detail the classes of cases which are excepted from the general jurisdiction conferred by the 15th section, and prescribes the rule which shall determine the amount necessary to give jurisdiction over judgments in actions for the recovery of money or personal property. By the 16th section no appeal was allowed in such actions unless the matter in controversy exceeded one hundred dollars in value, or in behalf of the defendant, where the judgment against him was for a less sum than one hundred dollars, unless reduced below that amount by a set-off or counter claim.
The legislature, however, saw fit to enlarge the jurisdiction in such cases by the act of 1857-8, (Sess. Acts, 1857-8, p. 35,) which confers jurisdiction over all judgments “where the value in controversy is fifty dollars or over that amount.”
It is claimed that the effect of this provision is to abolish all distinction between appeals by the plaintiffs and defendants in such actions, and to confer jurisdiction in all cases where the amount claimed by the plaintiff below exceeds fifty dollars— that being, as is contended, the true test of “ the value in controversy.”
Such a construction of the act would, in our opinion, be giving an effect to it not authorized by its language, nor contemplated by the legislature.
It was, we think, intended in no wise to change the general rules prescribed by the Civil Code, supra, except as to the sum *567 necessary to confer jurisdiction. To enlarge the jurisdiction in the cases mentioned from judgments for one hundred dollars to like judgments for fifty dollars, is the full extent of its operation, so far as the change of jurisdiction went. In legislating directly upon that subject, and in view of the comprehensive regulations of the Code, it is presumable that, if the framers of the law had designed altering those regulations in any other respect than as to the amount necessary to confer jurisdiction, it would have been expressed in unequivocal language, and not left to inference. The 16th section, supra,-furnishes an accurate and just mode of determining the value in controversy, which, we think, was wholly untouched by the act of 1857-8, and when applied to this case, as it has been to similar cases since the act, leaves no room for doubt as to our want of jurisdiction.
But, in the absence of this rule, we would be fully authorized by the reason and' policy of the law, as well as upon authority, to say that the amount in controversy upon this appeal is not sufficient to confer jurisdiction upon this court.
No set-off or counter claim was relied on in the court below, and the judgment is for only twenty-five dollars. What, then,. is in controversy, so far as appellant is concerned? It is true, he was sued for a larger sum than fifty dollars, but he succeeded in defeating a recovery beyond the twenty-five dollars. Is there any amount now in controversy that can in any wise affect him except that which was recovered against him in the court below? The plaintiff below would have the right to complain, because he was defeated in obtaining the sum he ■sued for, which was over fifty dollars; but certainly not the defendant, unless it can be said that the amount which the plaintiff failed to recover is still in controversy, notwithstanding he does not complain of the judgment.
It is true that this court, in the case of Mills vs. Couchman, (4 J. J. Mar., 242,) and in other subsequent cases, (resting upon that as authority,) in construing the act of 1812 relating to appeals from the judgments of justices to the circuit court where “the matter in controversy was above five pounds,” and where the question was whether, when the plaintiff in the *568 warrant demanded more, but recovered less, than five pounds* an appeal by the defendant should be to the circuit or county court, held that the amount claimed in the warrant furnished the only true test of the “ matter in controversy.”
It seems to us, however, that the reasons assigned for prescribing that as a test in those cases do not apply here; and the authority relied on in Mills vs. Couchman for laying it down as a general rule in all cases, was soon afterwards overruled by the supreme court.
The chief ground on which the rule referred to was applied, to the act of 1812, was, that appeals from justices, either to the county or circuit court, had to be tried de novo; and, inasmuch as county courts only had jurisdiction up to five pounds, and could not, where the plaintiff demanded more, entertain jurisdiction of his case, it was indispensable that the appeal by the defendant should be to the circuit court, notwithstanding less than five pounds was adjudged against the party appealing. No such reason exists here. This court has original jurisdiction in no case; its powers are altogether revisory.
The case of Wilson vs. Daniel (3 Dallas, 401) was relied on and cited as showing that the amount claimed in the declaration or bill, and not the sum fixed by the judgment or decree of the court, was “ the matter in dispute,” and should govern the right of appeal. That case, as has been already stated, was overruled by the supreme court of the United States in Gordon vs. Ogden, (3 Peters, 33,) and in Smith vs. Honey, (3 Peters, 469) — in both of which cases the court say in substance that the appellate jurisdiction of that court depends on the sum or value in dispute between the parties, as the case stands upon the writ of error in the- supreme court. If the writ be brought by the plaintiff below, and the sum claimed is more than two thousand dollars, that is the sum in dispute ; b.ut if, in such case* the plaintiff recover less than two thousand dollars, and the. writ is sued out by the defendant below, the court has no jurisdiction, because nothing but the amount of the judgment is in dispute, and that being less than the sum required to give jurisdiction, the court has no power over it. This seems also to *569 have been the doctrine held by this court in Williams vs. Wilson, (5 Dana 597.)
Our opinion is, that this court has no jurisdiction over the judgment, and the appeal is therefore dismissed