CASE 9—JUNE 8.

# Wigginton vs. Moss.

APPEAL FROM OLDHAM CIRCUIT COURT.

1. The provisions of the Revised Statutes by which the jurisdiction of the quarterly courts was regulated, were repealed by the Code of Practice.

2. If the debt, with the interest which has accrued at the time the action is commenced, amounts to more than one hundred dollars, the quarterly court has no jurisdiction of the action.

3. Where the quarterly court has no jurisdiction of the case, no recovery can be had in the circuit court, upon appeal, against the defendant; but such order should be made by the circuit court as would be appropriate for rendering the proceeding in the quarterly court inoperative.

G. W. RAY, for appellant, cited 1 *Litt.*, 40; 7 *Dana*, 168; 2 *B. Mon.*, 526; *Civil Code, secs.* 16, 24, 123, 850, 875; *Rev. Stat.*, *sec.* 17, *p.* 205; *Ib., sec. 3, p.* 231; 18 *B. Mon.*, 225; *Ford, &c., vs. Jett, MS. opinion, September*, 1855; *Campbell vs. Simmons, MS. opinion, June*, 1857; 4 *Mon.*, 413; 5 *Dana*, 589.

J. W. CLAYTON, for appellee, cited *Civil Code, sec.* 851.

An appeal was taken to the circuit court from a judgment of the quarterly court, and the judgment of the circuit court is now appealed from.

JUDGE WOOD DELIVERED THE OPINION OF THE COURT:

The question made in this case relates to the jurisdiction of the quarterly courts of the Commonwealth.

The jurisdiction of those courts is regulated by the Code of Practice.

All statutes and all laws in force in this State, before the adoption of the Code, in any case provided for by the Code or inconsistent with its provisions, were repealed and abrogated by the adoption of the Code. (See *sec.* 875.)

The enactments of the Revised Statutes, by which the jurisdiction of the quarterly courts was regulated, were repealed by the Code of Practice, because it was "a case provided for by the Code," and the provisions of the Revised Statutes were inconsistent with those of the Code.

By the Code of Practice, (*sec.* 24,) "the quarterly courts have jurisdiction of all actions for the recovery of money or personal property not exceeding one hundred dollars in value."

The language of this section is nearly the same as that employed in the 16th section, wherein the cases are enumerated in which the court of appeals has not jurisdiction.

The sense of the terms employed in each section is the same.

In the case of *Orth & Wallace vs. Clutz's adm'r*, 18 *B. Mon.*, 223, a case involving the extent of the jurisdiction of this court, it was decided that "the interest due upon the debt at

the time the action was commenced, constituted a part of the amount in controversy, under the provisions of the Code of Practice;" and that this court has jurisdiction of an appeal in a case where the principal of the debt sued for was less than one hundred dollars, but the interest due upon the debt at the time the action was commenced, added to the principal, made a sum exceeding one hundred dollars.

According to the principle settled in that case, in fixing the jurisdiction of the quarterly courts the interest which has accrued upon the debt at the time the action is commenced must be added to the principal, and regarded as part of the value sought to be recovered by the action—part of the matter in controversy.

If, therefore, the debt, with the interest which has accrued at the time the action is commenced, amounts to more than one hundred dollars, the quarterly courts have no jurisdiction of the action.

This being the fact, it follows that the Oldham quarterly court had no jurisdiction of the action for the recovery of the debt sued for in this case.

In the case of *Hager vs. Boswell*, (4 *J. J. Marshall*, 61,) it was decided by this court, in regard to the jurisdiction of justices of the peace, under the statute extending their jurisdiction to all debts and accounts not exceeding fifty dollars, that "the fact that the interest, if the creditor be entitled to it, will augment the judgment to a sum exceeding fifty dollars, does not oust the magistrate of jurisdiction."

But the terms of that statute are materially variant from those of the Code in sections 16 and 24.

In the statute of 1812 it was *the debt* alone which was not to exceed fifty dollars. In the Code it is *the matter in controversy, the value of the thing* for the recovery of which the action is commenced, which is not to exceed one hundred dollars.

If the quarterly court had not jurisdiction of the case, no recovery could regularly be had in the circuit court against the defendant. (*Lane vs. Young*, 1 *Littell*, 40 ; *Bassett vs. Oldham,* 7 *Dana*, 168, *and cases referred to in the opinion in this case.*)

As we have decided that the quarterly court had no jurisdiction, it follows that the judgment of the circuit court, which has been appealed from, is erroneous.

The circuit court should have decided in favor of the appellant, on the ground of the want of jurisdiction in the quarterly court; and should have made such order as would be appropriate for rendering the proceeding in that court inoperative, (*Bassett vs. Oldham, supra; Howard vs. Jones*, 2 *B. Mon.*, 526.)

For the error above indicated the judgment of the circuit court *is reversed*, and the cause remanded for further proceedings in accordance with this opinion.