CASE 55—SEPTEMBER 28.

| 2me 265 |
| j112 40 |

# Fleming vs. Limebaugh.

APPEAL FROM JEFFERSON COUNTY COURT.

1. A justice of the peace of the city of Louisville has no jurisdiction of an action for the recovery of one hundred dollars for unliquidated damages claimed for a breach of a contract of partnership, to be assessed either by a court of equity upon a settlement of the partnership accounts, or by a jury upon issues of fact formed by the parties. It is not within the class of cases contemplated by the act of 1855-6, increasing the jurisdiction of justices of the peace in Jefferson county and city of Louisville.

2. If in an appeal from the judgment of a justice of the peace, it appear that the justice had no jurisdiction of the cause, the court should dismiss the suit.

A. M. STOUT, for appellant, cited *act of March* 10, 1856, *Sess. Acts* 1855–6, *p.* 123; *Civil Code, secs.* 29, 853; 13 *Wendell,* 156; *Sess. Acts* 1853–4, *vol.* 1, *p.* 60; 3 *J. J. Mar.,* 62; 5 *Dana,* 588; 7 *Dana,* 168.

J. HARRISON, for appellee, cited *Alexander, &c., vs. Lewis,* 1 *Met.,* 407.

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

Mrs. Limebaugh sued Fleming before a justice of the peace of the city of Louisville for damages amounting to one hundred dollars, alleged to have been sustained by her in consequence of a breach of contract by the defendant.

The contract exhibited and relied on was, in effect, a contract of partnership between the parties for keeping and conducting a hotel in Louisville, and the damages are alleged to have been sustained by reason of Fleming's violation of, and failure to comply with, the stipulations of the contract.

VOL. 2—34.

An objection was taken by him to the jurisdiction of the justice, and a motion made to dismiss on that ground, which was overruled; and a verdict and judgment having been rendered against him for $100 and costs, he appealed to the county court of Jefferson. That court affirmed the judgment of the justice, and overruled a motion for a new trial; and Fleming has brought the case here.

The grounds relied on for reversal are—

*First.* That the justice of the peace had no jurisdiction of the matter in controversy, and that the county court should, therefore, have dismissed the case; and

*Second.* That if the court had jurisdiction, a new trial should have been granted, because of surprise, and absence of appellant's counsel when the judgment of affirmance was rendered.

It seeems to us that the first ground is well taken, and must prove fatal to the judgment.

The justice of the peace certainly had no jurisdiction over the matter in controversy, it being more than fifty dollars in amount, unless such jurisdiction was conferred by the act of 1855–'6, entitled " An act to increase the jurisdiction of justices of the peace in Jefferson county and the city of Louisville." (*Sess. Acts* 1855–'6, *p.* 123.)

The 1st section of this act provides as follows :

" That justices of the peace in Jefferson county and the city of Louisville shall have original common law jurisdiction of causes of action for the recovery of money or personal property, *evidenced by writing or due by account,* where the amount in controversy does not exceed one hundred dollars ; and the proceeding shall be the same as are now had before said justices, and appeals may be prosecuted as in other cases."

The manifest object of this act was to enlarge the jurisdiction of the officers therein named, so as to make it embrace a particular class of cases, but not to confer such general, original jurisdiction over controversies involving one hundred dollars, as they previously had in actions involving fifty dollars, and less, under the 29th section of the Civil Code.

By this section of the Code it is declared that " the courts of justices. of the peace shall have jurisdiction exclusive of the

circuit court, but concurrent with the quarterly court, of *all* actions and proceedings for the recovery of money or personal property where the matter in controversy does not exceed fifty dollars in value, and in other cases specially provided by statute." But by the act *supra* this jurisdiction, as to the justices in Louisville and Jefferson county, is extended to one hundred dollars; not, however, in *all* actions involving that amount, but only in actions "for the recovery of money or personal property *evidenced by writing or due by account.*"

This action was for one hundred dollars; but it was for neither personal property nor for money or debt evidenced by writing, nor for money due by account. It was for unliquidated damages claimed for a breach of a contract of partnership, to be assessed either by a court of equity upon a settlement of the partnership accounts, or by a jury upon issues of fact formed by the parties, and clearly not within the class of cases contemplated by the act *supra*.

That the justice had no jurisdiction to the extent claimed in the warrant was manifest upon the face of the record; and it was, therefore, erroneous for the county court to affirm a judgment which was void for want of jurisdiction in the justice.

As repeatedly held by this court, the order of the county court in such case should have been to dismiss the suit or proceeding for want of jurisdiction to try it in that form. (5 *Dana*, 588; 7 *Dana*, 168.)

This conclusion dispenses with the necessity of considering the second ground relied on by appellant.

Wherefore, the judgment is *reversed* and cause remanded, with directions to the court below to make an order dismissing the case, as herein indicated.