CASE 47—PETITION ORDINARY—SEPTEMBER 18.

## Donahue vs. Murray.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. In all appeals from judgments of justices of the peace, *when amount gives jurisdiction*, it is the *amount in controversy*, or more specifically, the amount claimed and litigated before the justice. (4 *J. J. Mar.*, 242.)

2. The Jefferson court of common pleas has jurisdiction of an appeal from a judgment of a justice of the peace of Jefferson county in an action of slander, wherein damages were laid at ninety dollars and a judgment was rendered for fifty dollars on appeal taken by the defendant. The amount in controversy being over fifty dollars, either party had the right to appeal, however small the judgment before the justice of the peace.

E. S. WORTHINGTON,　　　　　　　　　　　For Appellant,

CITED—

*Act of January* 13, 1867, *Sess. Acts, p.* 5.

*Civil Code, sec.* 15.

*Act of February* 9, 1858.

1 *Met.*, 566–7 ; *Tipton vs. Chambers.*

12 *Ben. Mon.*, 421 ; *Miller vs. Yocum.*

2 *Rev. Stat., sec.* 2, 527, *and Act Feb.* 5, 1866, *Myers' Sup.*, 771.

2 *Met.*, 269 ; *Bakewell vs. Howell.*

3 *Ib.*, 321–2 ; *Revill vs. Pettitt.*

3 *Peters*, 34 ; *Gorden vs. Ogden.*

4 *J. J. M.*, 242 ; *Mills vs. Couchman.*

5 *Dana*, 596 ; *Williams vs. Wilson.*

7 *Dana*, 168 ; *Bassett vs. Oldham.*

3 *Met.*, 77 ; *Burbage vs. Squires.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellee, Pat. Murray, sued the appellant, Elizabeth Donahue, before a justice of the peace of Jefferson county, for damages laid at ninety dollars, for imputed slander; and having recovered judgment for fifty dollars and costs, she appealed to the court of common pleas of said county, which dismissed her appeal for supposed want of jurisdiction; and this appeal to this court brings up that judgment of dismissal for revision.

Whatever may have been the previous law on this subject, we consider it changed and fixed in favor of the jurisdiction by the fifth section of an act of 1866, which provides, in relation to the said court of common pleas, " that said court shall have *exclusive* jurisdiction of *all* appeals from justices of the peace and attachments for rent, * * * where the amount in either case exceeds fifty dollars, exclusive of interest and costs. * * * * But said court shall not have jurisdiction of such appeals where the amount *in controversy*, exclusive of costs, is fifty dollars or less."

On an appeal to this court we cannot retry the case, but can only affirm or reverse the judgment of the inferior court on its record as presented for revision; and when " amount" defines our appellate jurisdiction, it is necessarily the amount of the judgment only when the defendant appeals; but on an appeal to an intermediate court from a judgment by a justice of the peace the case is retried *de novo,* and the successful party below is not limited to the amount of his judgment, but may recover as much as he shall show himself entitled to, not exceeding that which his suit claims. The amount of the litigated demand, therefore, and not that of the judgment, determines the appellate jurisdiction in the first instance; and, consequently, on the appeal in this case to the

common pleas, the appellee might recover a judgment for as much as ninety dollars; and, therefore, to secure his chance of increasing his recovery by appeal, he would be bound to appeal to the common pleas. The rule as to each party must be reciprocal, and the appeal by either must be to the same court. This is universally recognized, and any other doctrine would be not only anomalous but absurd, as this court adjudged in *Mills vs. Couchman* (4 *J. J. Mar.*, 242–3).

Before the enactment of the statute hereinbefore quoted, nothing was more conclusively settled by uniform adjudications than the indisputable rule, that in all appeals from judgments by justices of the peace, when amount gives jurisdiction, it is the amount in controversy, or more specifically, the amount claimed and litigated before the justice. This was so adjudged in the case just cited, and in many other cases too numerous for convenient citation.

Such being the pre-existent law, the enactment of 1866 only applied it to the court of common pleas for Jefferson county. This is evident from the obvious presumption that the Legislature did not intend to change an established rule so reasonable and prescriptive, and certainly from the employment of the very terms—" the amount *in controversy*."

We are, therefore, of the opinion that the court of common pleas, and that only, had jurisdiction of the appeal in this case, and, consequently, erred in dismissing the appeal for want of jurisdiction.

Wherefore, the judgment of dismission is reversed, and the cause remanded for trial.