*Bigger & Reid*, for appellant.

*William Lindsay, J. C. Gilbert*, for appellee.

---

MITCHELL MURPHY, ET AL., *v.* W. L. JETT.

[Abstract Kentucky Law Reporter, Vol. 1—339.]

**Jurisdiction of Quarterly Court.**

The circuit courts have exclusive jurisdiction over judgments rendered by justices when the amount in dispute is not less than $10, and the quarterly court has no jurisdiction to render a judgment on appeal from a justice where the judgment is for $10 or more.

APPEAL FROM WASHINGTON COURT OF COMMON PLEAS.

October 8, 1880.

OPINION BY JUDGE PRYOR:

By reason of the bond executed by the appellants they became liable for the debt and costs. When suit was instituted on the bond

the amount of the debt was $16 and the cost $39. These two sums constituted the claim of the appellee, and for that amount the judgment was rendered in the common pleas court. While the extent of appellants' liability was the sum fixed in their bond, yet the appellee claimed more and obtained a judgment for it.

By the Act of March, 1876, the circuit courts were given exclusive jurisdiction over judgments rendered by justices when the amount in controversy is not of less value than $10, so the quarterly court had no jurisdiction to render a judgment against the appellant on the appeal from the judgment of the justice; and the appellant having appealed from that court to the common pleas court, the latter should have entered a judgment directing the quarterly court to dismiss the appeal. *McKiltrick v. Peters*, 5 Dana 589; *Bassett v. Oldham*, 7 Dana 168; *Fleming v. Limebaugh*, 2 Met. 267.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*J. W. Lewis*, for appellants.   *W. L. Jett*, for appellee.