PINKHAM *v.* BENTON.

When an agent with whom a contract is made has a beneficial interest in its performance, or a special property in its subject-matter, he may maintain an action upon such contract in his own name.

The memorandum of a witness becomes evidence only when he verifies it as having been true when made, has since forgotten the transaction, and is not able to recall it after examining the memorandum so as to state it from memory.

ASSUMPSIT. The referee finds due the plaintiff on the defendant's note a balance of $50.34, and also the sum of $19.74 on a certain order. The latter finding was subject to exception by the defendant.

The plaintiff also claims to recover the sum of $199.61, with interest from April 3, 1873, upon the following facts: In November, 1872, the plaintiff was attorney for one Boyce, who recovered a judgment against one Sumner, on which execution issued January 10, 1873, for damages and costs, amounting to $200.24. The defendant, as a referee, assessed the damages in that action, and offered to buy the execution or judgment, saying he would pay within $5 of the full amount. The plaintiff told the defendant he did not own the whole execution; that Boyce had an interest in it, and he would write Boyce, advising him to let the defendant have the execution at his offer. The plaintiff wrote Boyce, received a reply dated January 12, 1873, and a few days after informed the defendant that he had received a letter from Boyce authorizing him to sell the execution, and that he (defendant) could have it at his offer. The defendant said he would send for the execution when he wanted it, and April 3, 1873, Stalbird, a deputy sheriff, called on the plaintiff, saying the defendant had

sent him for the execution against Sumner; and the plaintiff, adding the interest to that date, making $204.61, and deducting $5, charged the defendant $199.61 on his book of accounts for the execution, and delivered it to Stalbird. The referee finds that the defendant purchased the execution, and that the plaintiff is entitled to recover the sum of $199.61, with interest from April 3, 1873, if he can maintain this action in his own name for the recovery of this item. The defendant contends that the execution belonged to Boyce, and that this action cannot be maintained by the plaintiff. Previous to the time of the sale of the execution by the plaintiff to the defendant, Boyce had put into the plaintiff's hands for collection the claim against Sumner and other claims, and the plaintiff had been summoned as trustee in suits against Boyce, and, relying for security upon the demands in his hands for collection, had been charged as trustee in those suits, and had paid the judgments, so that at the time of the sale of the execution Boyce was indebted to the plaintiff for money paid and advanced and for services as attorney in the sum of about $150. The execution was never in fact sold or assigned by Boyce to the plaintiff, and the plaintiff had no title to it at the time of the sale to the defendant, unless the law gave him a lien upon it for money paid and services rendered as attorney for Boyce.

The defendant claims that the contract for the sale and purchase of the execution is within the statute of frauds.

The plaintiff offered in evidence his book containing the charge of the Sumner execution to the defendant, as follows: "April 3, 1873, J. Benton, Dr., To execution, Boyce v. Sumner, for $183.78; costs, $16.46 & .17; interest, 4.20; amounts to $204.61. By discount, $5." The defendant objected to the book as evidence, and the referee received it, subject to exception.

D. C. Pinkham (with whom were W. & H. Heywood), for the plaintiff. The plaintiff being the party with whom the contract was made, can maintain this suit in his name, as the agent of Boyce, and by virtue of his lien not only as attorney, but as trustee of Boyce. Doe v. Thompson, 22 N. H. 217, and authorities cited; Ilsley v. Merriam, 7 Cush. 243; Buffum v. Chadwick, 8 Mass. 103—S. C., 3 Pick. 322—S. C., 13 Gray 67; Dennett v. Cutts, 11 N. H. 163; Wright v. Cobleigh. 21 N. H. 339.

When the nominal promisee is agent, having a beneficial interest in the performance of the contract, or a special property in the subject-matter of the agreement, the legal interest and right of action are in him. Porter v. Raymond, 53 N. H. 519.

The plaintiff's agency from Boyce is clear, his beneficial interest in the performance of the contract is equally certain, and his special property in the subject-matter of the agreement is established by the case.

The statute of frauds does not apply to sales of this character.

An execution is not " goods, wares, and merchandise," within the meaning of the statute, any more than promissory notes. The latter are not so held, in *Whittemore* v. *Gibbs*, 24 N. H. 484. And, further, the execution, the article bargained for, was delivered just according to contract when called for.

The plaintiff's book was competent evidence for the purpose for which it was used, viz., as a memorandum made at the time of the delivery, and supported by the testimony of the plaintiff, who made said memorandum in his own handwriting. *Webster* v. *Clark*, 30 N. H. 245; *Haven* v. *Wendell*, 11 N. H. 112; *Watson* v. *Walker*, 23 N. H. 471.

*Ossian Ray*, for the defendant. The defendant objects to the recovery of the Boyce judgment against Sumner because it is not, and never was, Pinkham's property. The judgment and execution belonged to Boyce. The plaintiff was merely Boyce's agent, both in recovering the judgment and in the alleged sale of it to Benton. Hence, according to the plainest principles of the law, any action to recover this item of Benton must be brought by Boyce, the real and known party in interest. It makes no difference that Pinkham may have had a lien upon the judgment for his fees and disbursements in the suit Boyce against Sumner, nor that he had paid money other ways for Boyce's benefit, in all amounting to about $150. Pinkham acted throughout as the agent and attorney of Boyce. Indeed, the case expressly finds that Boyce had never sold or assigned his judgment to Pinkham, and that Pinkham had no title to it at the time it was bargained to Benton, unless the law gave him a lien upon it for services and money paid as Boyce's attorney. There is a broad distinction between the right of an agent to keep securities of his principal for his own indemnity, as held in *Dennett* v. *Cutts*, 11 N. H. 163, and the right claimed here that the agent may sue and recover a debt due the principal where there has been no written or express promise to pay such agent. Neither does it make any difference that Pinkham, through some understanding or agreement with Boyce, had allowed himself to be charged as trustee of Boyce, and had paid judgments against Boyce, relying on the demand against Sumner for indemnity and reimbursement. This gave him, possibly, a lien to this extent on the Sumner demand, but gave him no right to maintain in his own name an action on Boyce's contract to sell the Sumner judgment to Benton. It is a mere pretence that Benton ever promised to pay Pinkham. If he made any promise, it was to pay Boyce.

In *Wright* v. *Cobleigh*, 21 N. H. 339, *Bell*, J., says the lien of an attorney upon a judgment is limited to his fees and disbursements in that particular cause. There can be no possession of a judgment. " The execution is no such representative of the judgment as to give to the holder any control over the judgment.

Neither does the possession of the execution, or of a copy of the judgment by the attorney, or any third person, disable a creditor from exercising any of his rights as such. The indispensable requisite to any ordinary lien, possession, is wanting." *Doe* v. *Thompson*, 22 N. H. 217, is not in point, nor is *Porter* v. *Raymond*, 53 N. H. 519.

The plaintiff's book of accounts was incompetent. This item is not the subject of book charge. Neither was the book admissible as a memorandum. It was received as original evidence corroborating Pinkham's oath, and not to revive his fading memory touching the transaction.

BLODGETT, J. At the argument before the court, counsel for the defendant abandoned all of the exceptions taken at the trial but two, both of which relate to the sale of the Boyce execution.

The first raises the objection that the plaintiff cannot maintain an action in his own name for the recovery of that item, because, at the time of its sale, he did not own it. But ownership is not the test, nor is it material whether the plaintiff contracted in respect of the execution as principal or agent; for if Boyce is to be regarded as the owner, it is enough to enable the plaintiff to maintain an action upon the defendant's promise that it was made to him personally by Boyce's appointment, and that he had an interest or property in the subject-matter of it. *Porter* v. *Raymond*, 53 N. H. 519, 526; *Fisher* v. *Ellis*, 3 Pick. 322, 325; *Thompson* v. *Page*, 1 Met. 565, 570; *Kent* v. *Bornstein*, 12 Allen 342, 343; *Spencer* v. *Field*, 10 Wend. 87; *Whitehead* v. *Potter*, 4 Ired. 257, 264; *Sargent* v. *Morris*, 3 B. & Al. 277, per *Bayley*, J.; 1 Wait Act. & Def. 280; 1 Ch. Pl. 7; Sto. Ag., ss. 393, 397.

The second raises the question whether the plaintiff's account-book, containing a charge to the defendant of the execution, was competent evidence to prove its sale. According to all the authorities it was not; in fact, counsel for the plaintiff have not argued to the contrary. But they contend that the book was admissible as a memorandum made by the plaintiff at the time the execution was delivered to the defendant. To this contention there are two decisive answers at least: first, the report of the referee shows that the book itself was received and weighed by him as competent evidence; and, second, the reported facts show that it was not admissible as a memorandum because it did not come within the established rule, which is, that a memorandum can only be read in evidence when the witness verifies it as having been true when made, has since forgotten the transaction, and is not able to recall it after examining the memorandum so as to state it from memory. *Kelsea* v. *Fletcher*, 48 N. H. 282, 284; *Watts* v. *Sawyer*, 55 N. H. 38, 40.

There must be a new trial as to the execution; but for the bal-

ance of his claim, that is, for the items of $50.34 and $19.74, the plaintiff is entitled to judgment on the report.

*Ordered accordingly.*

CLARK, J., did not sit: the others concurred.