Dunning v. Lacey.

CASE 101—PETITION ORDINARY—FEBRUARY 12.

# Dunning v. Lacey.

APPEAL FROM TRIGG CIRCUIT COURT.

1. APPELLATE JURISDICTION.—Upon appeal by a defendant the amount of the judgment against him is the amount in controversy, in the absence of a set-off or counter-claim, and must determine the jurisdiction of this court

    Appellant was sued in the quarterly court for more than one hundred dollars. Judgment was rendered against him for twenty-five dollars. He appealed to the circuit court and that court having dismisssed his appeal, he appeals to this court. *Held*—That the amount in controversy is only twenty-five dollars and that this court has no jurisdiction of the appeal.

2. OVERRULED CASE.—Donahue v. Murray, 2 Bush, 194, overruled.

FENTON SIMS FOR APPELLANT.

The amount sued for in the justice's court is the amount in controversy. (Miller v. Yocum, 12 B. M., 421; Burbage v. Squires, 3 Met., 77; Donohue v. Murray, 2 Bush, 194.)

W. G. BULLITT AND ROBERT CRENSHAW FOR APPELLEE.

The amount of the judgment appealed from is the amount in controversy. (L. & N. R. Co. v. Wade, 89 Ky., 255.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, Dunning, was sued in the quarterly court of Trigg county by the appellee, Lacey, for work and labor and for damages resulting from a breach of contract in regard to the rent of a farm. The amount sought to be recovered was one hundred and sixty-four dollars.

The claim of the appellee, Lacey, was controverted, and on the trial in the quarterly court a judgment for twenty-five dollars was rendered against Dunning. He appealed to the circuit court, and that court regarding the matter in controversy as being only

twenty-five dollars, dismissed the appeal for want of jurisdiction. The statute provided that appeals might be taken to the circuit court where the amount in controversy, excluding interest and costs, is over twenty-five dollars.

It is insisted that as the case when appealed to the circuit court had to be tried *de novo*, the amount in controversy is the sum claimed in the petition, and if so, it must follow that an appeal to this court would not and ought not to change the rule.

The case. of Donahue v. Murray, 2 Bush, 194, is relied on as giving this court jurisdiction of the appeal, and is similar in its features to the case before us ; in fact settles the question if adhered to.

The case of Tipton v. Chambers, 1 Met., 567, establishes a contrary ruling, and while decided prior to Donahue v. Murray, was followed by this court in the case of the Louisville and Nashville R. Co. v. Wade, reported in 89 Ky., 255, holding that in the absence of a counter-claim or set-off by the defendant asserting the right to a recovery for an amount giving this court jurisdiction, the amount of the judgment against the defendant for the plaintiff (and from which the defendant alone appeals) is the sum in controversy.

In this case there was no set-off or counter claim that had been disregarded or reduced by the judgment. The amount involved on this appeal was twenty-five dollars only. The plaintiff was willing to abide by it and the defendant unwilling to pay it. There is nothing else in controversy, and this court has no jurisdiction of the appeal.

The case of Donahue v. Murray is overruled, and this appeal dismissed for want of jurisdiction.